MOFFATT VS. SHEPARD and another.

SHEPARD and another VS. MOFFATT.

1. RESULTING TRUST. Where M. placed in the hands of his agent certain property, with authority to sell the same, and such agent, with such property or the proceeds thereof, in part purchased real estate and took a deed thereof in the name of a third party, who had notice of the facts, *held*, that there was a resulting trust in favor of M., and that he might elect to hold the land as security for his money or take his proper part thereof in satisfaction of the means thus used.
2. RESULTING TRUST — INJUNCTION — NOTICE — DECREE. S. and B. having purchased and obtained a deed for a part of said premises, in violation of an injunction issued in a suit brought by M. against such grantee to enforce his equitable rights, and with notice of them and of the pendency of such suit, *held*, that their rights were subordinate and subject to the rights of M.; that they should be decreed to convey and release with covenants as to their acts, to M. all title acquired by such conveyance, but it should not be adjudged null and void.

APPEAL from the District Court for *Milwaukee* County.

The facts are stated in the opinion of the court.

*Randall & Ogden*, for *William B. Moffat*, appellee.

*Finch & Lynde*, for *Shepard & Bonnell*, appellants.

IRVIN, J.    This case is brought here on an appeal from the decree of the district court of Milwaukee county, and, inasmuch as it is intimately blended with another case (brought here also by appeal), a bill of review in the same court, by the defendants *Shepard and Bonnell* against *Moffatt*, the complainant, it is thought most expedient to examine the two cases together so far as it may be done.

It appears that some time previous to the commencement of either of the cases brought to the attention of the court by the parties, *William B. Moffatt*, the complainant, placed in the hands of John M. W. Lace certain property and effects to dispose of as his agent; that said Lace afterward purchased the lot in question and partly

paid for it with the said property and effects, and procured a deed of it to be made to John W. Whiting; that afterward the said *Moffatt* commenced a suit in equity in the court aforesaid against said Whiting, to secure to himself the benefit of the resulting trust; upon which suit, not only was issued and served on the said Whiting the process of subpœna, but also an injunction enjoining and restraining him and his agents and attorneys from selling, or in any manner incumbering said lot; that after the service of said process, and during the pendency of said suit, Lace, by a power of attorney from Whiting, conveyed by deed the premises to the defendants *Shepard* and *Bonnell;* that afterward, before the court in vacation, the said *Moffatt* and Whiting agreed between themselves that *Moffatt* should take a decree for the whole of the premises and then convey back to Whiting twenty-three feet thereof, which agreement being produced before the chancellor, and all things therein being complied with, it was so decreed accordingly. Afterward the said *Moffatt*, in order to remove the cloud and clear up the doubt which hung over his title by reason of the deed from Whiting (by his attorney Lace) to *Shepard* and *Bonnell*, filed the bill in this cause against them to have the said deed declared null and void, and they be decreed to release the premises to him, which, upon the hearing of the case, was decreed; that previous to said decree, and about the time when said *Shepard* and *Bonnell* answered, they filed a bill of review in the case of *Moffatt v. Whiting*. The court refused to review that case, and decreed accordingly. Upon these proceedings, both cases are brought here, and in this connection are to be examined. In relation to the last bill and decree, it is insisted that the complainant's bill ought not to be entertained, for the reason that they, *Shepard* and *Bonnell*, brought themselves voluntarily into the interest which they assert and claim, not only with a knowledge of the pendency of the suit between *Moffatt* and Whiting, but in open violation and contempt of the injunction issued

therein.   That they had a knowledge of the pendency of
that suit, and of the existence of the injunction, we can-
not for a moment doubt, and they cannot be relieved
from the stringent application of the law in such cases.
That *Moffatt*, judging from what appears in the cases be-
fore us, was entitled to the benefit of the resulting trust
there can be no doubt; and that he might elect, under
the circumstances, to hold the premises as a security for
his interest, or take the proper part in discharge thereof,
there is little doubt.   2 Story's Eq., §§ 1258, 1259, 1260,
1261, 1262 ; *Phillips v. Cramond*, 2 Wash. C. C. 441.

   *Shepard* and *Bonnell* having voluntarily placed them-
selves in the interest which they assert, in the face of the
suit then pending and in contempt of the injunction, can
claim no protection therein, and must necessarily have
the review refused and their bill, so far as it relates to
*Moffatt*, dismissed at their costs, which is so ordered.
In the case of *Moffatt v. Shepard* and *Bonnell*, prose-
cuted by *Moffatt* to clear his title acquired under the
decree of the court, in the case of *Moffatt v. Whiting*, of
the doubt which the defendant had thrown over it, the
court is clearly of opinion that the facts and circum-
stances authorize the relief asked for, and among others,
for the same reason given for refusing the review sought
by the defendants.   We are, however, of opinion that
the district court, in granting relief, went too far in the
decree, to no other extent, however, than a seeming
inconsistency of one part of the decree with the other, in
this : the decree rendered null and void the deed from
Whiting by John M. W. Lace, his attorney, to *Shepard*
and *Bonnell*, dated April 30, 1845, and then required
of them to execute a deed for a part of the premises
included in the deed thus declared null and void, to the
said *Moffatt*.   The court should not have declared the
deed void, but it should have decreed a conveyance of all
the interest which *Shepard* and *Bonnell* had acquired by
that deed in the premises, to be made to the complainant
*Moffatt* (so far as it affects his interest), with a special

warranty, and it must now be so done.    And it is decreed accordingly.

" This cause having come to a hearing on the pleadings and the proofs (having been argued by counsel), and the court having duly considered the same, with the stipulation on file, it is adjudged and decreed that the said *Clarence Shepard* and *James Bonnell* do, within thirty days, execute and deliver to the said complainant, *William B. Moffatt*, a proper deed of conveyance, properly executed, witnessed and acknowledged, with special warranty against their own acts and all persons by, through or under them or either of them, of twenty-two feet, undivided, in the said lot number four, in block number four, in the third (formerly east) ward of the city of Milwaukee, and that they pay the costs of this suit."